Filed
10/30/2019 4:18 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

NO. 2019DCV-5488-D

| | | |
|---|---|---|
| ISLANDER INVESTMENT, INC. d/b/a HAWTHORNE SUITES, Plaintiff, | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | NUECES COUNTY, TEXAS |
| PALOMAR SPECIALITY INSURANCE COMPANY, Defendant. | § § § § | ___ th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

1. COMES NOW, the Plaintiff, Islander Investments, Inc. d/b/a Hawthorne Suites ("Hawthorne"), and files this Original Petition complaining of and against Defendant, Palomar Specialty Insurance Company ("Palomar"), and in support hereof would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

2. Discovery in this action should proceed under Level 3, TEX. R. CIV. P. 190.3. This case involves complex issues and will require extensive discovery. Accordingly, Hawhorne requests the Court enter a custom docket control order tailored to the particular needs of this lawsuit.

### RELIEF

3. Hawthorne seeks monetary relief of over $1,000,000.00. Rule 47(c)(5) TEX. R. CIV. P. Hawthorne reserves the right to modify the amount and type of relief sought in the future.

### PARTIES

4. Plaintiff, Islander Investments, Inc. d/b/a Hawthorne Suites ("Hawthorne") is a Texas corporation that owns a hotel located at 1442 S. Padre Island Dr., Corpus Christi, Nueces County, Texas 78416. No service of process is necessary or requested at this time.

1

**EXHIBIT 2**

5. Defendant, Palomar Specialty Insurance Company ("Palomar"), is an insurance company licensed to transact insurance in the state of Texas and duly organized and existing under the laws of the state of California. Palomar conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, Palomar may be served with notice of this suit, by serving CT Corporation System, its registered agent for service of process at its registered office, 1999 Bryan Street, Suite 900, Dallas Texas 75201-3140.

## JURISDICTION AND VENUE

6. Hawthorne seeks damages under the common and statutory laws of the state of Texas. The amount in controversy exceeds the jurisdictional minimum for the District Courts of the state of Texas.

7. Venue is proper in the District Court of Nueces County, Texas under §15.002(a)(1) of and §15.032 of the TEX. CIV. PRAC. & REM. CODE because all or a substantial part of the events or omissions giving rise to the claim occurred in Nueces County, Texas and because Nueces County, Texas is the county in which the insured property is located.

## FACTUAL BACKGROUND

8. In this Petition whenever it is alleged that Palomar did any act or thing, it is meant that the Palomar's officers, agents, servants, employees, attorneys, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full, expressed, implied or apparent authorization or ratification of Palomar or was done in the normal and routine course and scope of employment of Palomar's officers, agents, servants, employees, attorneys, or representatives.

9. By this action, Hawthorne seeks to recover for losses sustained as a result of Hurricane Harvey to its hotel located 1442 S. Padre Island Dr., Corpus Christi, Nueces County, Texas 78416 (the "Property").

10. On or before July 12, 2017, Palomar marketed and sold a commercial insurance policy bearing Policy No. PAR-17-0000292-00 to Hawthorne whereby Palomar agreed to provide property insurance for the Property in exchange for the payment of premiums (the "Policy"). The Policy term extended from July 12, 2017 through July 12, 2018. The Policy purports to provide coverage for direct, physical loss to the Property due to windstorm occurring during the Policy term.

11. On or about August 27, 2017, Hawthorne sustained a loss to its hotel as a result of Hurricane Harvey. The windstorm loss is within the Policy term and is covered under the Policy.

12. Hawthorne timely filed an insurance claim with Palomar and asked Palomar to adjust the claim and pay it for the cost of repairs/reconstruction to the building as well as the business interruption loss sustained as a result of Hurricane Harvey.

13. On or about September 27, 2017, Palomar's insurance adjuster, Mr. Tom Mracheck, denied Hawthorne's insurance claim as being below the policy deductible. Hawthorne tried to negotiate the loss with Palomar, but Palomar was steadfast in its refusal to pay for the loss. After receiving Hawthorne's demand letter, Palomar invoked the Policy's appraisal clause to resolve the loss to the Property's structures.

14. On or about July 18, 2019, the appraisal panel awarded $404,565.91 for losses to the Property's structures. The appraisal panel specifically stated that Hawthorne's business income loss was not appraised in the appraisal. After making the necessary adjustments in accordance with the Policy, Palomar paid Hawthorne a net amount of $319,875.91 on or about July 26, 2019.

3

15. On August 13, 2019, Hawthorne sent Palmar a letter demanding prompt payment act interest on the net payment of $319,875.91 for a period of approximately two years, ie. the period of time since Palomar had wrongfully denied the claim (September 27, 2017) and finally made payment for the structure (July 26, 2019). In the same letter, Hawthorne asked Palomar to pay its business income loss in the amount of $285,079.68 to be incurred when the repairs to the structure were made in the future. In support of the foregoing, Hawthorne provided Palomar with its accountant's worksheets and underlying source materials. Palomar promised to consider the information and negotiate a resolution of the dispute.

16. Despite its promises, Palomar, through its attorney, recently told Hawthorne that Palomar would adjust the business income loss after the repairs are made to the structure and that it would not pay interest on the net amount of the appraisal award for the structure until after its resolution of the business income loss. Both of these losses arise from separate coverages under the Policy and neither is intertwined such that payment for the losses can not be determined separately.

17. Hawthorne fully cooperated with Palomar. But, despite Hawthorne's efforts, Palomar has sought only to find evidence to delay or avoid payment to Hawthorne. As a direct result of the conduct of Palomar as alleged above, Hawthorne has suffered actual, incidental, special, and consequential damages and has been forced to file suit to recover damages sustained. Hawthorne's experience is not an isolated case. The acts and omissions Palomar committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Palomar with regard to handling these types of claims. Palomar entire process is unfairly designed to reach favorable outcomes for the company at the expense of policyholders.

## CAUSES OF ACTION

18. Hawthorne repeats and incorporates, by reference, the allegations of paragraphs 1 through 17 above and paragraphs 25 and through 33 below, as if fully set forth herein.

19. Hawthorne alleges that violations of the common laws of the State of Texas were committed "knowingly" and with "gross negligence", "intent", and/or "malice" and as a result thereof, it is entitled to receive additional statutory and/or exemplary damages.

20. Hawthorne further alleges that in all of the conduct complained of herein, all employees, servants, agents, and representatives of Palomar had actual, implied, or apparent authority to act on behalf of Palomar.

21. Hawthorne further alleges that all conditions precedent to recovery herein have been performed or have occurred and that each cause of action alleged herein is plead additionally and alternatively.

22. Without waiving the foregoing, but strictly relying upon the same, Hawthorne alleges that the actions and conduct of Palomar constitutes a breach of contract. Hawthorne purchased insurance from Palomar. The insurance contract provides insurance coverage for the Property against loss from among other things: windstorm. Hawthorne timely reported the loss to Palomar and requested adjustment of its claim. Despite full compliance with the Policy conditions, Palomar failed to timely pay Policy benefits proximately causing damages to Hawthorne.

23. Without waiving the foregoing, but strictly relying upon the same, Hawthorne alleges that the actions and conduct of Palomar violate §541 and §542 *et. seq.* of the TEX. INS. CODE. Among other things, Palomar has violated §541.060 of the TEX. INS. CODE, in a manner that has been and is a producing cause of damages to Hawthorne, by:

(1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

5

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

(A)   a claim with respect to which the insurer's liability has become reasonably clear; or

(B)   a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

(3)   failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; and

(5)   refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy.

Palomar failed to attempt to effectuate an equitable settlement by conducting an unreasonable, inadequate, and outcome-oriented investigation of Hawthorne's claims in which Palomar chose to ignore obvious damage to the Property; grossly undervalued what damage they did acknowledge; and misrepresented the cause of, scope of, and cost to repair the damage to Hawthorne's hotel. Palomar made these and other misrepresentations to Hawthorne. As a direct result of Palomar substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage. After invoking and participating in the appraisal process, Palomar failed to pay interest on the structure aspect of the claim and failed to adjust or pay Hawthorne for the business interruption loss it was certain to incur during the repair process to the hotel arising from the structure loss determined in the appraisal proceeding. Palomar acts and omissions as described herein violate various provisions of §541.060 and §542.003 of the TEX. INS. CODE, by knowingly underestimating the amount of damage to the Property, by failing to provide Hawthorne a prompt and reasonable explanation of the basis in the Policy for underpayment of the claim, and by failing to attempt in good faith to make a prompt,

fair, and equitable settlement of the claim. Palomar also failed to make an attempt to settle Hawthorne's claims in a fair manner although they were aware of their liability to Hawthorne under the Policy. As such, Palomar' conduct constitutes violations of §541.060 and §542.003 of the TEX. INS. CODE.

Palomar also violated §542.051 *et. seq.* of the TEX. INS. CODE, in a manner that has been and is a producing cause of damages to Hawthorne, by failing to comply with §542.055-542.060 TEX. INS. CODE and acknowledge receipt of Hawthorne's claim, commence an investigation of the claim, and request from Hawthorne all items, statements and forms that they reasonably believed would be required within the applicable time constraints; and/or provide Hawthorne with written notice of acceptance or rejection of the claim no later than the 15th business day after the date they received all items, statements, and forms, required to secure a proof of loss; and/or failed to provide Hawthorne with written notice of no later than the 15th business day of the need for additional time to accept or reject the claim; and/or failed to provide Hawthorne with written notice of acceptance or rejection of the claim no later than the 45th day after notifying Hawthorne under §542.056(d) TEX. INS. CODE.

Palomar failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Palomar has delayed full payment of Hawthorne's claim longer than allowed under the TEX. INS. CODE. Palomar' conduct constitutes a violation of §542.055 of the TEX. INS. CODE. Palomar acts and omissions violate §541 and §542 *et. seq.* of the TEX. INS. CODE and were a producing cause of the damages to Hawthorne.

24. Without waiving the foregoing, but strictly relying upon the same, Hawthorne alleges that the actions and conduct of Palomar constitutes a breach the common law duty of good faith and fair dealing. Palomar sold Hawthorne a commercial property insurance policy (the "Policy"), which covered risks to Hawthorne's hotel and various other items of coverage. The insurance policy gave

7

rise to a duty of good faith and fair dealing. From the time Hawthorne's claim was presented to Palomar, the liability of the Palomar to pay the full claim in accordance with the terms of the policy was reasonably clear. However, Palomar wrongfully delayed paying Hawthorne, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to delay full payment. Palomar's conduct constitutes a breach of the common law duty of good faith and fair dealing. Palomar's breach of this duty proximately caused damages to Hawthorne.

## DAMAGES

25. As a result of the actions and conduct complained of herein, Hawthorne is entitled to the recovery of all actual, incidental, special, and consequential damages sustained in an amount that exceeds the minimum jurisdictional limits of this court. These damages include, but are not limited to: business income loss.

26. Hawthorne is further entitled to the recovery of additional and/or exemplary damages due to the knowingly, grossly negligent, intentional, and/or malicious actions and conduct of the Palomar.

27. Hawthorne is further entitled to the recovery of its reasonable and necessary attorney's fees incurred in connection with this suit pursuant to law. Among other statutory basis, Hawthorne claims attorney's fees pursuant to §38.001 and §37.009 of the TEX. CIV. PRAC. & REM. CODE and §542.060(a)-(b), of the TEX. INS. CODE.

28. Hawthorne is further entitled to the recovery of pre-judgment and post-judgment interest herein at the maximum amount allowed by the common and statutory laws of the State of Texas. Specifically, Hawthorne claims statutory interest at the highest rate allowed under §542.060(a) of the TEX. INS. CODE.

29. Hawthorne is further entitled to the recovery of costs of court.

## DEMAND FOR JURY TRIAL

30. Pursuant to Rule 216 TEX. R. CIV. P., Hawthorne demands a jury trial on all issues triable by a jury and pays the appropriate jury fee.

## REQUEST FOR DISCLOSURE

31. Pursuant to Rule 194 TEX. R. CIV. P., Defendant, Palomar Specialty Insurance Company ("Palomar"), is requested to disclose, within 51 days of service of this request, the information or material described in Rule 194.2 (a)-(k) 216 TEX. R. CIV. P.

## NOTICE OF INTENT TO USE DOCUMENTS - RULE 193.7 TEX. R. CIV. P.

32. Pursuant to rule 193.7 TEX. R. CIV. P., Plaintiff, Islander Investments, Inc. d/b/a Hawthorne Suites ("Hawthorne") gives notice to Defendant, Palomar Specialty Insurance Company ("Palomar"), that any and all documents produced in response to written discovery may be used as evidence in this case, and, that any such material may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or material produced in discovery.

## PRAYER

33. WHEREFORE, PREMISES CONSIDERED, Plaintiff, Islander Investments, Inc. d/b/a Hawthorne Suites ("Hawthorne"), prays that the Defendant, Palomar Specialty Insurance Company ("Palomar"), be cited to appear and answer herein, and that upon full and final trial herein, Hawthorne recover from Palomar all actual, incidental, special, and consequential damages sustained as the result of the actions of Palomar and its representatives, along with additional and exemplary damages, and damages attributed to attorney's fees, costs of court, pre-judgment and post-judgment interest, and such other and further relief, whether general or special, at law and in equity, to which Plaintiff, Islander Investments, Inc. d/b/a Hawthorne Suites ("Hawthorne") may show itself justly entitled by this pleading or proper amendment hereto.

Respectfully submitted,

DURRETT LAW FIRM

*/s/ J. Brantley Durrett, III*
J. BRANTLEY DURRETT, III
State Bar Number 06287615
1061 West 17th Street
Houston, Texas 77008
Telephone | Facsimile No.: (888) 551-8183
*brant@durrettlaw.com*

ATTORNEY FOR PLAINTIFF,
ISLANDER INVESTMENTS, INC. D/B/A HAWTHORNE SUITES